IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| VELECIA FERRELL, | § | |
| an individual, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 7:15-CV-139 |
| | § | |
| KEN'S VENTURE FOODS, INC. | § | |
| d/b/a FIESTA FOODS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION AND BRIEF FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW Defendant, Ken's Venture Foods, Inc. d/b/a Fiesta Foods ("Fiesta Foods") and files this Motion and Brief for Summary Judgment and in support thereof would show the Court as follows:

## I.  INTRODUCTION

Plaintiff Velecia Ferrell ("Plaintiff" and/or "Ferrell") formerly worked as an employee at Fiesta Foods. On or about September 8, 2013, Plaintiff violated company policy by not using management to purchase goods from Fiesta Foods. Despite previously being warned to use management to purchase goods from Fiesta Foods, Plaintiff once again violated company policy. After completing its investigation, Fiesta Foods determined that Plaintiff engaged in misconduct that warranted termination. Specifically, Fiesta Foods discharged Plaintiff for violating company policy.

Plaintiff's claim for racial discrimination fails. All employment actions taken with respect to Plaintiff were based on legitimate and non-discriminatory reasons. Plaintiff cannot prove the elements of her racial discrimination claims, and Fiesta Foods is entitled to summary judgment.

## II.    FACTUAL BACKGROUND

In support of this Motion, Fiesta Foods relies upon the pleadings, documents, deposition excerpts, and records contained in the Appendix ("APPX.") filed contemporaneously with this Motion and Brief.

Plaintiff worked as a cashier for Fiesta Foods' location in Midland, Texas from approximately August 1, 2011 until her termination on September 20, 2013. APPX 21; *Ferrell Depo – 2015,* p. 13, ln. 15-24. Plaintiff was aware of Fiesta Foods' company policies. Specifically, Plaintiff was aware that Fiesta Foods' policy requires "managers to cash employees out."  APPX 22; *Ferrell Depo – 2015*, p. 23, ln. 8-15. Additionally, Plaintiff admits that she did not follow the policy:

Q.    What was your understanding of the policy at Fiesta Foods regarding employee purchases?

A.    Managers was supposed to cash us out.

Q.    Okay.  And do you know the reason for that policy?

A.    No, sir. I don't.

Q.    Did you follow that policy?

A.    No, sir. I didn't.

*Id.*

On March 19, 2013, Plaintiff was written up for knowingly purchasing product below retail, i.e., at a sale price when she was aware that the product was no longer on sale, and

purchasing the product through a regular cashier rather than being checked out by a member of management. *See* APPX 30; Exhibit 2 to *Ferrell Depo – 2015*. Company policy clearly provides that, "Management must check out all employees and their families." *See* APPX 31; Exhibit 3 to *Ferrell Depo – 2015*. In addition to the written warning issued to Plaintiff on March 19, 2013, Plaintiff received a verbal warning from store manager Ben McCarty regarding the relevant company policy.  APPX 57; *McCarty Depo*, p. 51, ln. 9-23.

On September 18, 2013, Plaintiff attempted to purchase sodas in a manner that violated company policy. APPX 47-51; *McCarty Depo*, p. 19, ln. 1 – p. 23, ln. 22. Specifically, store manager, Ben McCarty, became aware that Plaintiff was attempting to purchase sodas for a price lower than what should actually be charged. *Id.* Given her prior history regarding employee purchases, McCarty concluded that Plaintiff had attempted to purchase product below retail again and the decision was made to terminate her employment. *Id.* She was terminated effective September 20, 2013.  *Id.*; APPX 33 - Exhibit 8 to *Ferrell Depo – 2015*. Based on Plaintiff's actions, Fiesta Foods terminated Plaintiff for violating company policy.

## III.    GROUNDS FOR SUMMARY JUDGMENT

Fiesta Foods is entitled to summary judgment on Plaintiff's claim of race discrimination. First, Plaintiff has no evidence that she was treated differently than any similarly-situated non-African-American employees.  Finally, she cannot establish that Fiesta Foods' legitimate, non-discriminatory reasons for discharging her are pretexts for a discriminatory animus.

## IV.    ARGUMENT AND AUTHORITIES

### A.  Standard of Review

Fiesta Foods asks this Court to grant it summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Rule 56(c) requires the issuance of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). Fiesta Foods is entitled to summary judgment because the evidence shows "that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c).

### B.  Plaintiff's Race Discrimination Claims Fail As A Matter of Law

1.  Plaintiff Cannot Establish a Prima Facie Case of Race Discrimination Because There is No Evidence That She Was Treated Differently Than Any Similarly-Situated Non-African-American Employees.

To establish a prima facie case of employment discrimination, Plaintiff is required to show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) she was replaced by someone outside her protected class or, in the case of disparate treatment, she was treated less favorably than similarly situated employees. *Bryan v. McKinsey & Co., 37*5 F.3d 358, 360 (5th Cir. 2004). Moreover, Plaintiff must show that "similarly situated" employees outside of her protected class were treated more favorably than she was in circumstances "nearly identical" to her. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (internal quotations omitted).

Plaintiff cannot establish the fourth element of her prima facie burden because she was not treated less favorably than similarly situated employees not in her protected class. Plaintiff

contends that non-African-American employees were given a second chance. *See* Appx *5; Complaint,* paragraph 37. As shown below, Plaintiff's alleged comparators are not similarly situated.

Allegations that other employees engaged in misconduct is insufficient to support a prima facie case of discrimination, absent evidence that the misconduct and circumstances surrounding the adverse action was "nearly identical" to Plaintiff's misconduct. *Mayberry*, 55 F.3d at 1090; *see also Lee v. Kan. City S. Ry. Co*, 574 F.3d 253, 260 (5th Cir. 2009). However, the "misconduct" in which Plaintiff's alleged comparators engaged is in no way similar, much less "nearly identical," to Plaintiff's.

Summarily, Plaintiff admits that the "other" individuals were not disciplined for purchasing products from a non-manager:

Q.    Okay. All right. Now, in paragraph 37 you allege: No matter what African-American employees did, Mr. McCarty did not tolerate it. African-American employees were fired while other races were probably given a second chance. Who were you talking about? What are you talking about?

A.    Okay. What are you asking me?

Q.    Well, I'm asking you who are these employees, what did they do and which non-African-American employees were given a second chance?

A.    One of them was -- god, I can't even think.

Q.    Well, let me make this very easy for you.

A.    Okay.

Q.    Were any of these individuals who were given a second chance, okay --

A.    Uh-huh.

Page 5

Q.      -- disciplined for purchasing products from a nonmanager?

A.      No.

APPX 38-39; *Ferrell Depo – 2016,* p. 14, ln. 7 – p. 15, ln. 1.

Thus, as a matter of law, the "other" individuals were not similarly situated to Plaintiff. Plaintiff's conclusory allegations that she was treated less favorably and that these employees were similarly situated is not proper summary judgment proof to support her prima facie burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (holding that a plaintiff's summary judgment burden is not satisfied by "conclusory allegations,' … by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence").

Additionally, Plaintiff's unsubstantiated allegations that non-black employees were treated more favorably do not help her claim survive summary judgment. Texas courts, including the Fifth Circuit, have held that "an employer's disregard of its own [discipline] system does not of itself conclusively establish that improper discrimination occurred or that a nondiscriminatory explanation for an action is pretextual." *EEOC v. Texas Instruments,* 100 F.3d 1173, 1182 (5th Cir. 1996) (quoting *Risher v. Aldridge*, 889 F.2d 592, 597 (5th Cir. 1989) (holding that employer's "disregard of its own hiring system does not of itself conclusively establish that improper discrimination occurred or that a nondiscriminatory explanation for an action is pretextual.")). Thus, because Plaintiff cannot show that other similarly situated employees were treated more favorably, her race discrimination claim should be dismissed as a matter of law.

2. <u>Fiesta Foods Had Legitimate, Non-Discriminatory Reasons for Discharging Plaintiff and There is No Evidence of Pretext.</u>

Plaintiff's effort to rebut Fiesta Foods' asserted reasons for discharging her rests on her denial that she committed any of the errors or engaged in any of the conduct that resulted in her

discharge. However, her dispute of the reasons for her discharge is insufficient because it does not demonstrate that Fiesta Foods' asserted reason for her discharge is false and/or that her race was the real reason he was discharged.

"Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *LeMaire v. La. Dept. of Transp. and Development*, 480 F.3d 383, 390-91 (5th Cir. 2007). Disputing the facts is not enough because the "anti-discrimination laws do not require an employer to make proper decisions, only non-[discriminatory] ones." *Id.* at 391. An employer's reasons for terminating an employee are not pretextual if the employer "reasonably believed" that the plaintiff engaged in misconduct, and acted on that belief "in good faith." *McKinney v. Bolivar Med. Ctr.*, 341 F. App'x 80, 82 (5th Cir. 2009). Moreover, even "[a] fired employee's actual innocence of her employer's proffered accusation is irrelevant as long as the employer reasonably believed it and acted in good faith." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (emphasis added). "[T]he employer's motive is the focus of the Court's inquiry: The truth of the [underlying] allegation is of import only as it implicates that motive." *Austin v. Wal-Mart Stores Tex., L.P.*, No. 3:05 CV 1687 M, 2006 WL 2859367, at *7 n.9 (N.D. Tex. Oct. 5, 2006). Thus, in order to satisfy her burden of proof, Plaintiff must show "that [Fiesta Foods] did not genuinely believe that plaintiff engaged in the misconduct which formed the basis for [her] discharge." *Baker v. Union Pac. R.R.*, 145 F. Supp. 2d 837, 844 (S.D. Tex. 2001) (emphasis added).

Under this standard, Plaintiff's assertions that she was discharged "despite having followed company policy" is irrelevant. The relevant inquiry is whether Fiesta Foods actually and reasonably believed that Plaintiff engaged in misconduct. Here, the store manager, Ben McCarty, terminated Plaintiff for violating company policy.  Mr. McCarty was present during

the violation, had knowledge of the previous warnings, and terminated Plaintiff's employment with Fiesta Foods:

Q.    All right. Now, with respect to Exhibit Number 3, this company policies, I turn your attention to number 9 under "All employees." Would you read that for me, please?

A.    (Reading) Management must check out all employees and their families.

Q.    What does that policy prohibit?

A.    Having another cashier check you out that's not management.

Q.    Okay. Does that apply to all employees?

A.    Yes, sir.

Q.    To your knowledge was that policy informally enforced?

A.    Yes, sir.

Q.    Now, with respect to the incident on September of 2013 involving the plaintiff, was the cashier she went to a member of management?

A.    No, sir.

Q.    All right. Was there a member of management available to check out her product she was buying, the sodas?

A.    Yes, sir.

Q.    All right. To what extent, if any, did the fact the plaintiff was attempting to purchase the sodas from someone who was not a member of management weigh in your decision to terminate her employment?

A.    I don't --

Q.      Okay. Did that policy have anything to do with her your decision to terminate her employment?

A.      Yes, sir.

Q.      All right. Please explain.

A.      Because that's the policy that we go by.

Q.      Okay. Well, had this been an issue before?

A.      It'd been an issue two times before.

Q.      All right. Had you ever disciplined the plaintiff on that exact issue?

A.      Yes, sir. She had one verbal, and then the next time I wrote her up, and then the last time I wrote her up.

Q.      Okay. So it's your recollection that she violated that policy three times.

A.      Yes, sir.

APPX 55-57; *McCarty Depo,* p. 49, ln.25 – p. 51, ln. 16.

Fiesta Foods relied on the testimony of the participants and the witnesses and reasonably believed that Plaintiff engaged in misconduct. Fiesta Foods acted on this belief in good faith in discharging Plaintiff. Thus, Plaintiff's discriminatory discharge claim fails because there is no evidence of pretext.

Additionally, Fifth Circuit precedent is clear that a plaintiff asserting a Title VII claim must rebut each of the defendant's nondiscriminatory reasons in order to survive summary judgment. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Where a plaintiff "falls short of [her] burden of presenting evidence rebutting each of the legitimate nondiscriminatory reasons produced by [the employer]," summary judgment is appropriate. *Wallace*, 271 F.3d at 222; *accord Rubinstein v.*

*Adm'rs of the Tulane Educ. Fun*d, 218 F.3d 392, 400-01 (5th Cir. 2000) (affirming grant of summary judgment on behalf of the employer where the plaintiff produced evidence of pretext as to some, but not all, of the employer's nondiscriminatory reasons). Because Plaintiff cannot rebut each of the reasons for her discharge, Fiesta Foods is entitled to summary judgment.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's claim against Fiesta Foods should be dismissed with prejudice. Defendant asks this Court to grant this Motion for Summary Judgment, and to dismiss Plaintiff's case in its entirety with prejudice. Defendant also asks the Court to award Fiesta Foods its costs and attorneys' fees.

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Christopher L. Jensen, SBN: 00796825
Shawn D. Twing, SBN: 00798008
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas  79105-5008
Telephone: (806) 468-3300
Facsimile: (806) 373-3454
Email: shawn.twing@sprouselaw.com
Email: chris.jensen@sprouselaw.com

/s/ Shawn D. Twing
Shawn D. Twing
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that May 9, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

ATTORNEYS FOR PLAINTIFF:
Gerald K. Fugit
Gerald K. Fugit, P.C.
Attorney at Law
412 North Texas Avenue
Odessa, Texas 79761
fugit@att.net

/s/ Shawn D. Twing
Shawn D. Twing

4288.003
912074