IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| VELECIA R. FERRELL, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | MO-15-CV-139-PRM | |
| § | | |
| KEN'S VENTURE FOODS, § | | |
| INC. d/b/a FIESTA FOODS, § | | |
|     Defendant. § | | |

### ORDER GRANTING
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Defendant Ken's Venture Foods, Inc.'s "Motion and Brief for Summary Judgment" (ECF No. 16) [hereinafter "Motion"], filed on May 9, 2016, and Plaintiff Velecia R. Ferrell's "Response to Defendant's Motion and Brief for Summary Judgment" (ECF No. 20) [hereinafter "Response"], filed on June 13, 2016, in the above-captioned cause. After affording Plaintiff's and Defendant's arguments due consideration, the Court concludes that Defendant's Motion should be granted for the reasons set forth below.

I.  **BACKGROUND**

This matter arises out of a race-based employment discrimination suit. Defendant is a grocery store located in Midland, Texas. Pl.'s

Original Compl. 2, Sept. 9, 2015, ECF No. 1 [hereinafter "Complaint"]. Plaintiff, an African-American, was employed by Defendant as a cashier.[1] In August 2011, Defendant acquired the grocery store where Plaintiff had been employed. App. to Def.'s Mot. for Summ. J., May 9, 2016, ECF No. 17 [hereinafter "Defendant's Appendix"]. After the acquisition, Ben McCarty became Plaintiff's manager. Def.'s App. 21, Ferrell 1st Dep. 13:18—21.[2] As Plaintiff's manager, McCarty regarded Plaintiff's work as satisfactory. Response App. 16, McCarty Dep. 18:3—6 [hereinafter "Plaintiff's Appendix"].

Defendant has a policy that requires mangers to conduct employee purchases (the "Manager-Employee Transaction Policy"). Def.'s App. 31, Ferrell 1st Dep. Ex. 3. Although Plaintiff was aware of the Manager-Employee Transaction Policy, she did not comply with it. Def.'s App. 22, Ferrell 1st Dep. 23:14—15.

---

[1] The evidence proffered by both sides does not indicate how long Plaintiff worked for Defendant. Her Complaint alleges that Plaintiff was employed for nine years—two of which were under the current ownership. Compl. 3.

[2] Plaintiff had two depositions: the first on June 2, 2015, and the second on March 10, 2016. The Court will refer to each deposition as such.

> **Defense Counsel**: What was your understanding of the [Manager-Employee Transaction Policy] at [Defendant] regarding employee purchases?
>
> **Plaintiff**: Managers was [sic] supposed to cash us out.
>
> **Defense Counsel**: Okay. And do you know the reason for that [Manager-Employee Transaction Policy]?
>
> **Plaintiff**: No, sir. I don't.
>
> **Defense Counsel**: Did you follow that [Manager-Employee Transaction Policy]?
>
> **Plaintiff**: No, sir. I didn't.

Def.'s App. 22, Ferrell 1st Dep. at 23:8–15.

Plaintiff violated the Manager-Employee Transaction Policy on three occasions—the last resulting in her termination. The first violation occurred on March 19, 2013, when McCarty issued a written reprimand to Plaintiff for purchasing a beverage from a fellow employee rather than the manager. Def.'s App. 30, Ferrell 1st Dep. Ex. 2. The second violation transpired on an unspecified date when McCarty verbally rebuked Plaintiff for making an employee purchase with a colleague instead of a manager. Def.'s App. 57, McCarty Dep. 51:9–15.

Plaintiff's third violation occurred on September 8, 2013, when Plaintiff attempted to purchase three dozen soft drink cans from

another cashier. Def.'s App. 47—49, McCarty Dep. 19:8—21:16. McCarty understood that Plaintiff was seeking a discount on the soft drinks: "[Plaintiff] was trying to get [the soft drinks] for the sale price on the clock, but she can't do that." Def.'s App. 49, McCarty Dep. 21:12—14. As a result, McCarty issued a written admonishment to Plaintiff. Def.'s App. 57, McCarty Dep. 51:11—13. Plaintiff states that she never purchased the soft drinks and returned them to their display. Pl.'s App. 31, 1st Ferrell Dep. 34:9—10. After Plaintiff returned to her register, she found she "had a write-up . . . .[for purchasing] some sodas and something else." Pl.'s App. 31, 1st Ferrell Dep. 34:10—15.

Shortly thereafter, McCarty terminated Plaintiff from Defendant's employ on September 20, 2013. Def.'s App. 47, McCarty Dep. 19:1—5; *see also* Def.'s App. 33, Ferrell 1st Dep. Ex. 8.

Finally, Plaintiff states that McCarty did not discipline other Hispanic employees for violating the Manager-Employee Transaction Policy.

> **Defense Counsel**: How many Hispanic employees purchased products form a nonmanager [sic] that Ben [McCarty] knew about and failed to take action against them?

| | |
|---|---|
| **Plaintiff**: | The whole crew. |
| **Defense Counsel**: | Everybody. |
| **Plaintiff**: | Everybody that went through there that was Hispanic, we all checked out each other. |
| **Defense Counsel**: | And you can't think of one name. |
| **Plaintiff**: | Nancy.  There was Rosie. |
| **Defense Counsel**: | Okay. |
| **Plaintiff**: | There was Maria.  There was the—the meat guys. |
| **Defense Counsel**: | Okay. |
| **Plaintiff**: | We checked them all out. |
| **Defense Counsel**: | All right.  And give me a time frame.  When did this all happen? |
| **Plaintiff**: | From the time I started until the time I left there that I know of. |

Pl.'s App. 45, 2d Ferrell Dep. 15:20─16:12.

Plaintiff believed that McCarty "look[ed] for a reason to fire [her] . . . ." Pl.'s App. 43, 2d Ferrell Dep. 8:14─15.  Her belief was based on "word of mouth."  Pl.'s App. 43, 2d Ferrell Dep. 9:5─12.

Plaintiff brought this employment discrimination suit alleging disparate treatment based on race.  *See* Compl. 1.  Defendant brings its Motion arguing that there is no genuine issue of material fact and has

5

provided a nondiscriminatory reason for Plaintiff's termination. Mot. 10. Plaintiff contends that Defendant's proffered reason for her termination was "entirely pretextual." Resp. 6.

## II. STANDARD OF REVIEW

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute regarding a material fact exists if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Emps.*, 40 F.3d 698, 712 (5th Cir. 1994) (quoting *Latimore v. Smithkline French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990)). If the moving party has satisfied its initial burden, the nonmovant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus.*

6

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 'conclusory allegations,' *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990), 'unsubstantiated assertions,' *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or only a 'scintilla' of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994)." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

A court conducting a summary-judgment analysis must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  Thus, a court should "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan*, 497 U.S. at 888).

## III. DISCUSSION

The Court analyzes a Title VII claim of race discrimination pursuant to the burden-shifting rules elucidated in *McDonnell Douglas*

7

*Corp. v. Green*, 411 U.S. 792 (1973).  To survive a summary judgment motion, a plaintiff must first establish a prima facie case showing she "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) [was treated less favorably than] other similarly situated employees." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).

If the plaintiff establishes a prima facie case, the defendant then has the burden of articulating a legitimate, non-discriminatory reason for the decision to discharge the plaintiff.  *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004).

If the defendant states such a reason, then the burden shifts once again:  the plaintiff must offer evidence sufficient to raise a genuine issue of material fact as to "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive alternative)." *Id.*  (citation and alteration omitted).

### A. Plaintiff's Prima Facie Case

Plaintiff satisfies the first three elements of her prima facie case. First, as an African-American, Plaintiff is a member of a protected class. *See* 42 U.S.C. § 2000e-2.

Second, Plaintiff was qualified to work as a cashier. *See* Pl.'s App. 16, McCarty Dep. 18:3─6 (recognizing that McCarty regarded Plaintiff's work as satisfactory); *see also Bryan*, 375 F.3d at 360. Third, Plaintiff was subject to an adverse employment action when Defendant terminated her services. *See* Def.'s App. 47, McCarty Dep. 19:1─5; *see also Bryan*, 375 F.3d at 360.

The fourth element of the prima facie case is in contention: whether Plaintiff has shown that other similarly situated employees were treated more favorably. *See Bryan*, 375 F.3d at 360. In order to prove the fourth element of her prima facie case, Plaintiff must show that similarly situated employees' circumstances were "nearly identical" to hers. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995).

Here, Plaintiff attempts to prove the fourth element by stating that Hispanic employees—Nancy, Rosie, Maria, and other unnamed

employees that worked in Defendant's meat department—also violated the Manager-Employee Transaction Policy. Pl.'s App. 45, 2d Ferrell Dep. 15:20─16:12.

However, Plaintiff does not provide any evidence that these Hispanic employees' circumstances were "nearly identical" to hers. *See Mayberry*, 55 F.3d at 1090. Although Plaintiff's testimony appears self-serving, such can still defeat a motion for summary judgment. *See Dallas/Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*, 819 F.3d 245, 253 n.14 (5th Cir. 2016).

> "Provided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth *specific facts* showing that there is a genuine issue for trial—a self-serving [testimony] is an acceptable method for a non-moving party to present evidence of disputed material facts.

*C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) (emphasis added). Significantly, Plaintiff does not present testimony or any other evidence from any source that corroborates her assertions that Hispanic employees violated the Manager-Employee Transaction Policy without penalty. "[Plaintiff's] testimony, *standing alone*, also does not create a genuine issue of

material fact with respect to pretext." *See Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 547 F. App'x 484, 490 (5th Cir. 2013) (emphasis added). Rather, Plaintiff merely generalizes that the violations occurred "[f]rom the time [she] started until the time [she] left . . . ." *See* Pl.'s App. 45, 2d Ferrell Dep. 15:20–16:12. To be sure, Plaintiff has provided no evidence, aside from her unsubstantiated assertion, to establish that Defendants permitted Hispanic employees to violate the Manager-Employee Transaction Policy. *See Turner*, 476 F.3d at 343 ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (internal citation and quotation marks omitted)).

Despite Plaintiff's failure to establish her prima facie case, the Court will, nevertheless, address the rest of the burden-shifting framework set forth in *McDonnell Douglas Corp.*, 411 U.S. 792.

### B. Defendant's Legitimate, Non-discriminatory Reason

The Court next turns to Defendant's proffered legitimate, nondiscriminatory reason for Plaintiff's termination. In that regard, Defendant alleges that Plaintiff was terminated because she failed to adhere to the Manager-Employee Transaction Policy on three separate

occasions. *See* Def.'s App. 30, 33, Ferrell 1st Dep. Exs. 2, 8; Def.'s App. 57, McCarty Dep. 51:9—15. Indeed, Plaintiff readily admitted that she knowingly violated the Manager-Employee Transaction Policy. *See* Def.'s App. 22, Ferrell 1st Dep. at 23:8—15.

### C. Pretext Alternative

Since the Defendant has proffered a nondiscriminatory reason for Plaintiff's termination, the inference of discrimination created by the Plaintiff's prima facie case disappears, and the Plaintiff retains the ultimate burden of persuasion. *See Rachid*, 376 F.3d at 312.

For Plaintiff to withstand summary judgment at the final burden-shifting stage, she must *present evidence* which creates a genuine issue of material fact "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative)." *Id.* (citation and alteration omitted) (emphasis added). In other words, "[Plaintiff] must *produce evidence*, viewed in the light most favorable to her, that would permit a jury to believe that [Defendant's] proffered reason for firing her was not its true reason but simply pretext for a racially discriminatory reason." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (emphasis added).

Proof that Defendant's failure to adhere to the Manager-Employee Transaction Policy at all times is insufficient to establish pretext. *See Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997). Moreover, Title VII does not protect against Plaintiff's assertion that Defendant rendered an unfair employment decision; rather, Title VII protects against employment decisions based upon discriminatory animus. *See id.* "A defendant's failure to follow its own policy is not probative of discriminatory animus in *absence of proof* that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (citation omitted).

Even viewing Plaintiff's deposition testimony in the light most favorable to her, the Court cannot state—without any other evidence—that there is a genuine dispute of material fact whether Defendant's conduct was pretextual. Plaintiff fails to make a pretextual showing by not providing evidence that demonstrates Defendant decided to terminate Plaintiff because of her race.

13

Instead, Plaintiff offers only her subjective belief that McCarty discriminated against her. *See* Pl.'s App. 43, 2d Ferrell Dep. 8:14─15. The Fifth Circuit has "recognized that generalized testimony by an employee regarding [her] subjective belief that [her] discharge was the result of . . . discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for [her] discharge." *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 564 (5th Cir. 1983) (citation omitted). Plaintiff's own subjective belief of discrimination, no matter how sincere, cannot alone defeat a motion for summary judgment. *See Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1186 (5th Cir. 1997) (noting that bare allegations of racial discrimination are too speculative to create a jury question); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (explaining that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" at the summary-judgment stage of an employment-discrimination case), s*uperseded by statute on other grounds.*[3]

---

[3] Pursuant to federal law, Plaintiff can elect to show either a pretext alternative or a mixed-motive alternative for Defendant's nondiscriminatory reasons for termination. *See Rachid*, 376 F.3d at

In the end, Plaintiff offers no evidence to substantiate her subjective belief of discrimination. Hence, Plaintiff is unable to establish that Defendant's proffered reason for its decision was pretext for discrimination.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Ken's Venture Foods, Inc.'s "Motion and Brief for Summary Judgment" (ECF No. 16) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all settings in this matter are **VACATED**.

**IT IS FURTHER ORDERED** that all pending motions filed in the above-captioned cause, if any, are **DENIED AS MOOT**.

---

312. In this instance, Plaintiff has only argued that her termination was pretextual. Resp. 6. Nevertheless, the Court's conclusion would be the same even under a mixed motive alternative because Plaintiff has relied exclusively on "unsubstantiated assertions." *See Turner*, 476 F.3d at 343.

**IT IS FINALLY ORDERED** that the **CLERK** of the Court shall **CLOSE** this matter.

**SIGNED** this **29th day** of **June, 2016**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**